IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-02104-REB-PAC

TIMMY C. RIGGLE,
KELLY A. RIGGLE,
KRISTOL ANN SMITH,
WILBUR LUCION SMITH,
CLINTON S. CLOCK,
KIRBY ALAN CLOCK,
LORI KAY DeVEAU,
CHESTER I. FERGUSON, III,
LINDA RAE FERGUSON,
SHARON BESTOLD PLIKERD,
WILLIAM D. PLIKERD,
MICHAEL SKILLO,
BEVERLY J. PECK,
ANTON JOHN RUEHL, and
LORRAINE KAREN RUEHL,

    Plaintiffs,

v.

TARA LaGRAND,
GARY KUZEL,
LYN BRIDGES,
ROOSEVELT DRUMMER,
C. COLLIS REDD,
ROY LENTZ, and
RICHARD MARKS,

    Defendants.

---

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

**Patricia A. Coan, United States Magistrate Judge**

    This is a *pro se* action filed by sixteen plaintiffs residing in six states. On October

25, 2005, this case was referred to the undersigned for recommendations on dispositive motions.  The matters now before the court are: Bridges' motion to sever (treated as a motion to dismiss under FED.R.CIV.P. 12(b)(6)) filed November 29, 2005 [doc. #5]; Lentz's motion to dismiss under FED.R.CIV.P. 12(b)(2) and (6), filed December 20, 2005 [doc. #13]; the plaintiffs' motion for severance/dismissal of C. Collis Redd (treated as a FED.R.CIV.P. 41(a) motion), filed December 27, 2005 [doc. #17]; Marks' motion to dismiss (treated as a motion under FED.R.CIV.P. 12(b)(1)), filed January 10, 2006 [doc. # 21]; and a letter submitted by Ms. LaGrand on January 25, 2006, docketed as a motion for leave to appear [doc. #28].

I

Plaintiffs allege in their complaint[1] that defendants committed crimes relating to tax evasion schemes which damaged plaintiffs.  Attached to their complaint are plaintiffs' sworn statements, along with plea agreements from criminal proceedings against four of the defendants.  Plaintiffs seek damages in the amount of $150,000,000 as the result of defendants' alleged crimes (complaint ¶ 10 at 4) and demand "immunity from prosecution by the United States government" (complaint ¶ 11 at 5).  The plea agreements for the criminal co-defendants LaGrand, Kuzel, Bridges, along with the plea agreement for Drummer, state that each of those defendants was a "planner" or accountant for an entity known as Anderson's Ark & Associates (AAA), an organization involved in tax evasion schemes.  Based on a liberal reading of the complaint, plaintiffs retained the services of defendants for investment purposes.  Complaint at ¶3.  The plaintiffs are residents of

---

[1]The complaint is entitled "Complaint in the Matter of Defendant's Plea Agreements."

Colorado, Arizona, Washington, Wisconsin, Missouri, and Ohio. Plaintiffs rely on 28 U.S.C. §§ 1331 (federal question) and 1332 (diversity of citizenship) as alternative jurisdictional grounds for their action.

## II.

*Pro se* pleadings are held "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), however, *pro se* litigants must nonetheless "follow the same rules of procedure that govern other litigants," *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir.1992), *cert. denied*, 507 U.S. 940 (1993). The party bringing an action in federal court bears the burden of showing that the case falls within the court's subject matter jurisdiction. *Henry v. Office of Thrift Supervision*, 43 F.3d 507, 512 (10th Cir. 1994). Jurisdiction is a threshold issue which should be addressed prior to consideration of the merits. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998).

## III.

FED. R. CIV. P. 8 requires a complaint to contain a short and plain statement of the grounds upon which the court's jurisdiction depends. Subject matter jurisdiction is "the courts' statutory or constitutional power to adjudicate the case." *United States v. Cotton*, 535 U.S. 625, 630 (2002) (quoting *Steel Co.*, 523 U.S. at 89). Mr. Marks raised the subject matter jurisdiction issue and it applies to all the defendants and the entirety of the complaint. The court also is not bound by the pleadings of the parties, but may, of its own motion, inquire into the facts supporting the claimed jurisdiction. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 184 (1936). Indeed, a federal court is obliged to notice

on its own motion the want of its own jurisdiction. 13 C.A. Wright, A. Miller & E. Cooper, FED. PRACTICE & PROCEDURE § 3522 at 69-70 (2d ed. 1984). Moreover, FED. R. CIV. P. 12(h)(3), provides that "whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."

### *A. Diversity Jurisdiction*

To establish subject matter jurisdiction under 28 U.S.C. § 1332, a party must show that complete diversity of citizenship exists between the parties and that the amount in controversy exceeds $75,000. Diversity jurisdiction only attaches when all parties on one side of the litigation are of a different citizenship from all parties on the other side of the litigation. *Depex Reina 9 Partnership v. Texas Int'l Petroleum Corp.*, 897 F.2d 461, 463 (10th Cir. 1990). It has long been the general rule that this complete diversity of parties is required for diversity jurisdiction to apply. *Mas v. Perry*, 489 F.2d 1396, 1398-99 (5th Cir. 1974). The complete diversity rule derives from the text of the 1789 Judiciary Act, as stated in *Strawbridge v. Curtiss*, 3 Cranch 267, 2 L.Ed. 435 (1806).

Plaintiffs have now served all defendants, and from the returns of service, it is evident that defendant Roy Lentz is a citizen of Washington (return of service filed December 20, 2005 [doc. #11]), and defendant Lynden Bridges resides in Colorado (return of service filed December 20, 2005 [doc. #10]). The burden of pleading diversity of citizenship is upon the party invoking federal jurisdiction. See *Cameron v. Hodges,* 127 U.S. 322, 325 (1888) (stating "[t]his court has always been very particular in requiring a distinct statement of the citizenship of the parties, and of the particular state in which it is claimed, in order to sustain the jurisdiction . . ."). There are no factual allegations or

4

statements contained in the complaint which would support diversity jurisdiction under §1332, nor does the plaintiffs' response to Marks' motion address the matter of subject matter jurisdiction.[2] Federal courts presume that no jurisdiction exists absent an adequate showing by the party trying to invoke jurisdiction. *Karnes v. Boeing Corp.*, 335 F.3d 1189, 1194 (10th Cir. 2003). Complete diversity is lacking in this action because at least two of the defendants have the same citizenship as two of the plaintiffs: Colorado and Washington. Consequently, diversity jurisdiction cannot exist. There is no proper basis for the exercise of subject matter jurisdiction over this proceeding based on diversity of citizenship, and I therefore recommend dismissal of the complaint on this ground.

### *B. Federal Question Jurisdiction*

Plaintiffs state that federal question jurisdiction under 28 U.S.C. § 1331 is an alternate basis for jurisdiction. Complaint at 2. Plaintiffs allege violations of criminal statutes as set forth in their complaint at ¶¶ 2 (26 U.S.C. §7206(2)), 7 (18 U.S.C. §§241, 1001, 1341, 1622, 1952, 1962(d)), and 8 (18 U.S.C. §§371 and 1002)), and claim that "as a result of said actions and fraudulent conveyances and assurances (referring to the criminal statutory sections) defendants have engaged in and committed against the plaintiffs collusion, breach of contract, and malpractice." Complaint ¶9 at 4. Plaintiffs state no legal or statutory basis under either state or federal law for this claim.  Finally, paragraph 11 of the complaint seeks "immunity from prosecution by the United States Government with regard to alleged violations of Title 26 of the U.S. Code in connection

---

[2]Plaintiffs filed their response on January 26, 2006 [doc. #30] and state in their one-and-one-half page response at 2: "the injured parties have jurisdiction and are seeking retribution through this court."

with investments made in business organizations established by AAA." Plaintiffs assert no legal or statutory basis for this claim for relief.

Plaintiffs are individuals and have no private right of action to accuse the defendants of criminal violations in a civil proceeding. Where no private right of action is provided under a federal (criminal) statute and there is no affirmative indication that Congress intended to furnish civil remedies, "[t]he federal judiciary will not engraft a remedy on a statute, no matter how salutary, that Congress did not intend to provide." *Federal Sav. & Loan Ins. Corp. v. Reeves*, 816 F.2d 130, 138 (4th Cir.1987) (quotation omitted). Only the United States as prosecutor can bring a complaint under the criminal statute penalizing conspiracy to injure any citizen in the free exercise of any right secured to him by the Constitution or laws of United States, as the statute does not provide a private right of action for damages. See *Keady v. Nike, Inc.*, 116 F. Supp. 2d 428, 435 (S.D.N.Y. 2000)(*rev'd on other grounds*).[3] Plaintiffs here have not asserted, nor can the court construe, any appropriate jurisdictional basis for the alleged private causes of action stated as claims for violations of criminal statutes. See *Lamont v. Haig*, 539 F.Supp. 552, 558 (D.S.D. 1982).[4]

Finally, with regard to plaintiffs' demand for immunity from prosecution by the

---

[3] Title 18 U.S.C. § 241 is a criminal statute which provides no private right of action. See also *United States v. Oguaju*, No. 02-2485, 2003 WL 21580657 at *2 (6th Cir. July 9, 2003) (no private right of action in §241, citing *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 511 (2nd Cir.1994)).

[4] *Lamont* states that 18 U.S.C. §1341 and § 371 provide "absolutely no jurisdictional basis" for plaintiff's claim because the prosecution of those criminal offenses has been entrusted solely to the federal government and private litigants cannot sue for redress of those offenses. 539 F.Supp. 558. See also *Williams v. McCausland*, 791 F.Supp. 992, 1001 (S.D.N.Y. 1992) (no private right of action for violation of 18 U.S.C. § 1001).

federal government, this court has neither the power nor the authority to grant such relief in this case. Criminal actions in the federal courts are initiated by the United States Attorney. 28 U.S.C. § 547; FED.R.CRIM.P. 7(c), and whether to prosecute and what criminal charges to file or bring are decisions that generally rest in the prosecutor's, not the court's, discretion. *United States v. Batchelder*, 442 U.S. 114, 124 (1979) (citations omitted). This court lacks jurisdiction and is simply unable to grant the relief plaintiffs seek.

Plaintiffs have failed to meet their burden of demonstrating that their case falls within the court's subject matter jurisdiction. This action should be dismissed alternatively, for lack of federal question subject matter jurisdiction under § 1331.

*Recommendation*

For the reasons stated, it is hereby

**RECOMMENDED** that the plaintiffs' motion for severance/dismissal of C. Collis Redd (treated as a FED.R.CIV.P. 41(a) motion), filed December 27, 2005 [doc. #17] be **granted and that all claims against defendant C. Collis Redd be DISMISSED WITHOUT PREJUDICE; it is**

**FURTHER RECOMMENDED** that defendant Richard Marks' motion to dismiss (treated as a motion under FED.R.CIV.P. 12(b)(1)), filed January 10, 2006 [doc. # 21] be **granted and that plaintiffs' complaint be DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction; it is**

**FURTHER RECOMMENDED** that Bridges' motion to sever (treated as a motion to dismiss under FED.R.CIV.P. 12(b)(6)) filed November 29, 2005 [doc. #5] be **denied as**

federal government, this court has neither the power nor the authority to grant such relief in this case. Criminal actions in the federal courts are initiated by the United States Attorney. 28 U.S.C. § 547; FED.R.CRIM.P. 7(c), and whether to prosecute and what criminal charges to file or bring are decisions that generally rest in the prosecutor's, not the court's, discretion. *United States v. Batchelder*, 442 U.S. 114, 124 (1979) (citations omitted). This court lacks jurisdiction and is simply unable to grant the relief plaintiffs seek.

Plaintiffs have failed to meet their burden of demonstrating that their case falls within the court's subject matter jurisdiction. This action should be dismissed alternatively, for lack of federal question subject matter jurisdiction under § 1331.

*Recommendation*

For the reasons stated, it is hereby

**RECOMMENDED** that the plaintiffs' motion for severance/dismissal of C. Collis Redd (treated as a FED.R.CIV.P. 41(a) motion), filed December 27, 2005 [doc. #17] be **granted and that all claims against defendant C. Collis Redd be DISMISSED WITHOUT PREJUDICE; it is**

**FURTHER RECOMMENDED** that defendant Richard Marks' motion to dismiss (treated as a motion under FED.R.CIV.P. 12(b)(1)), filed January 10, 2006 [doc. # 21] be **granted and that plaintiffs' complaint be DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction; it is**

**FURTHER RECOMMENDED** that Bridges' motion to sever (treated as a motion to dismiss under FED.R.CIV.P. 12(b)(6)) filed November 29, 2005 [doc. #5] be **denied as**

**moot; it is**

**RECOMMENDED** that defendant Roy Lentz's motion to dismiss under FED.R.CIV.P. 12(b)(2) and (6), filed December 20, 2005 [doc. #13] be **denied as moot; it is**

**FURTHER RECOMMENDED** that the letter submitted by defendant Tara LaGrand on January 25, 2006, docketed as a motion for leave to appear [doc. #28], **be denied as moot**; and **it is**

**FURTHER RECOMMENDED** that the **PLAINTIFFS' COMPLAINT BE DISMISSED IN ITS ENTIRETY, WITHOUT PREJUDICE, FOR LACK OF SUBJECT MATTER JURISDICTION**.

**Within ten days after being served with a copy of the proposed findings and recommendation, any party may serve and file written objections to the proposed findings and recommendation with the Clerk of the United States District Court for the District of Colorado. The district court judge shall make a determination of those portions of the proposed findings or specified recommendation to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the proposed findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. Failure to make timely objections to the magistrate judge's recommendation may result in a waiver of the right to appeal from a judgment of the district court based on the findings and recommendations of the magistrate judge.**

Dated this 15th day of February, 2006.

                                      BY THE COURT:

                                      s/ Patricia A. Coan
                                      PATRICIA A. COAN
                                      United States Magistrate Judge